Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona  85226
tel:  (480) 517-1400
fax: (480) 517-6955
hyung@choiandfabian.com
veronika@choiandfabian.com
 Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Justin and Jodi Whittaker,<br><br>Plaintiffs,<br>vs.<br><br>Midland Funding DE LLC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1.	Defendant Midland DE Funding LLC ("Midland Funding") sued Justin and Jodi Whittaker ("the Whittakers") in the wrong venue and then continued to communicate with them after they knew the Whittakers were represented by counsel.  Plaintiffs bring this action to remedy Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA").  15 U.S.C. §§ 1692 - 1692p.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337(a).

3. The transaction from which this complaint arises occurred in Coconino County, Arizona and thus this Court has personal jurisdiction over Defendant and venue is proper.  28 U.S.C. § 1391.

## PARTIES

4. The Whittakers are natural persons residing in Sedona, Yavapai County, Arizona.

5. Mr. Whittaker is an individual and thus a "consumer" as defined by § 1681a(c) of the FCRA.

6. Ms. Whittaker is an individual and thus a "consumer" as defined by § 1681a(c) of the FCRA.

7. Midland Funding is a Delaware limited liability company registered to do business in Arizona.

8. Midland Funding regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

9. Midland Funding is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. The Whittakers are husband and wife.

11. They reside in Sedona, Arizona, within the boundaries of Yavapai County, Arizona.

12. On March 12, 2014, Midland Funding sued the Whittakers in Coconino County Justice Court for an alleged debt.  (Copy of Summons and Complaint attached as Exh. A).

13. Midland Funding was represented by Jerold Kaplan Law Offices, P.C. ("Kaplan"), in Phoenix, Arizona.

14. At all relevant times, Kaplan acted as an agent for, and within the scope of its actual or apparent authority for, Midland Funding.

15. At the time Midland Funding sued the Whittakers in Coconino County, Flagstaff Justice Court, it knew that the Whittakers resided in Yavapai County, Arizona.

16. Midland Funding knew that the Whittakers resided in Yavapai County because it had sued the Whittakers on November 4, 2013 in Yavapai County Superior Court, Case No. V1300CV201380403.

17. The Whittakers disputed the validity of that debt and are currently in litigation over the matter in Yavapai County Superior Court.

18. On May 14, 2014, Midland, through a private process server, served the Flagstaff Justice Court Complaint on the Whittakers by delivering two copies to Ms. Whittaker at the Whittakers' home at 40 Homestead Rd., Sedona, AZ 86336.  (Certificate of Service attached as Exh. B).

19. As noted above, the Whittakers' home is located within the boundaries of Yavapai County.

20. The Certificate of Service specifically states that service occurred in "Yavapai County" at the Whittakers' "usual place of abode."

21. Nonetheless, Midland Funding continued to pursue the action it had improperly filed in Coconino County.

22. On May 30, 2014, Mr. Whittaker filed an answer disputing the alleged debt and stating that he lives in Yavapai County, not Coconino County.  (Answer attached as Exh. C).

23. Ms. Whittaker was not included in the caption as one of the parties to the answer.

24. On June 2, 2014, Mr. Whittaker filed a motion to dismiss the complaint based on improper venue in Flagstaff Justice Court.

25. Again, Ms. Whittaker was not included in the caption as one of the parties making the motion.

26. On June 6, 2014, the Whittakers decided to retain counsel and filed an amended motion to dismiss based on venue, through counsel, Veronika Fabian. (Amended Motion to Dismiss attached as Exh. D).

27. On June 6, 2014, a copy of the amended motion to dismiss was sent to Kaplan, on behalf of Midland Funding.

28. On June 18, 2014, Midland served an amended disclosure statement and Notice of Service of Disclosure Statement on Justin Whittaker, even though it knew that he was represented by counsel Veronika Fabian with respect to the alleged debt. (Notice of Service of Disclosure Statement (Amended) attached as Exh. E).

29. On June 19, 2014, Midland filed an Application and Affidavit of Default as to Jodi Whittaker only and served it on Jodi Whittaker even though it knew 1) she was represented by counsel Veronika Fabian with respect to the alleged debt and 2) she had joined in the amended motion to dismiss. (Application for Entry of Default attached as Exh. F)

30. Counsel for Plaintiffs contacted Kaplan to make sure Kaplan had received the amended motion to dismiss given that it was still sending legal pleadings to the Whittakers.

31. Kaplan responded that it had received the amended motion to dismiss which was mailed on June 6, 2014.

32. However, Kaplan claimed that it had not received the amended motion to dismiss at the time it had sent the disclosure statement (June 18, 2014) and the application for entry of default (June 19, 2014) to the Whittakers.

## CAUSE OF ACTION NO. 1: VIOLATION OF THE FDCPA

33. Defendant's acts and omissions constitute violations of the FDCPA, including, but not limited to:

    a. Bringing an action in Coconino County, Arizona against Justin Whittaker, when he did not sign the contract in Coconino County, Arizona and did not reside in Coconino County, Arizona.  15 U.S.C. § 1692i.

    b. Bringing an action in Coconino County, Arizona against Jodi Whittaker, when she did not sign the contract in Coconino County, Arizona and did not reside in Coconino County, Arizona.  15 U.S.C. § 1692i.

    c. Communicating directly with Mr. Whittaker even though Midland knew he was represented by an attorney with respect to the alleged debt.  15 U.S.C. § 1692c(a)(2), and,

    d. Communicating directly with Ms. Whittaker even though Midland knew she was represented by an attorney with respect to the alleged debt.  15 U.S.C. § 1692c(a)(2).

  e. The use of any false representation or deceptive means to collect in connection with the collection of an alleged debt. 15 U.S.C. § 1692e, and,

  f. The use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

34. As a result of Defendant's violations of the FDCPA, the Whittakers suffered damages to be determined by this Court.

35. Defendant is therefore liable to the Whittakers in the amount of the Whittakers' actual damages, statutory damages in the amount of $1,000, costs, and attorney's fees. 15 U.S.C. § 1692k(a).

### JURY DEMAND

36. The Whittakers demand a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief against Defendant:

  a. Actual damages;

  b. Statutory damages;

  c. Attorney's fees; and

  d. Costs.

RESPECTFULLY SUBMITTED July 1, 2014.

          CHOI & FABIAN, PLC

          /s/ Veronika Fabiani
          Veronika Fabian
          Attorneys for Plaintiffs